UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:21-cv-00012

**Douglas Carson,**
*Plaintiff,*

v.

**Commissioner, Social Security Administration,**
*Defendant.*

# ORDER

Plaintiff Douglas Carson filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Commissioner's decision to deny social security benefits. Doc. 1. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636(b). Doc. 3.

On May 25, 2022, the magistrate judge issued a report recommending that the Commissioner's decision be affirmed and the case dismissed with prejudice. Doc. 15. Plaintiff submitted objections on June 8, 2022. Doc. 16. The court reviews objected-to portions of the magistrate judge's report and recommendation de novo. Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1).

Plaintiff argues that the ALJ improperly determined his residual functional capacity before considering the consistency of his reported symptoms with the objective record. The record does not support plaintiff's argument. Instead, the ALJ's decision shows full and meaningful consideration of plaintiff's symptoms, alleged limitations, and the objective evidence. There is no evidence that the ALJ pre-determined plaintiff's residual functional capacity before evaluating the subjective and objective evidence.

Plaintiff additionally asserts that the residual functional capacity finding is not supported by substantial evidence because the ALJ overreached her authority and gleaned his residual functional capacity from her interpretation of the medical evidence. The residual functional capacity determination is an interpretation of medical

evidence to determine a claimant's capacity for work and it "is the sole responsibility of the ALJ." *Taylor v. Astrue*, 706 F.3d 600, 602–603 (5th Cir. 2012). Unlike a medical opinion, the ALJ's assessment includes consideration of a claimant's statements and testimony concerning his symptoms, his activities of daily living, the frequency and intensity of pain, the effects of medication, and all medical evidence and opinion statements in the record. 20 C.F.R. § 404.1529. Where, as here, there is not a medical source statement describing the types of work the claimant can perform, the question is whether the ALJ's decision is supported by substantial evidence in the available record. *Ripley v. Chater*, 67 F.3d 553, 557 (5th Cir. 1995). The ALJ weighed the medical consultant opinions that plaintiff does not have a severe impairment with other evidence showing abnormal glucose levels and blood pressure readings. She reasoned that appropriate functional limitations should be assessed, limiting plaintiff to light work activity with additional postural and mental limitations. The record evidence of plaintiff's diabetes and hypertension does not contradict that finding.

Having reviewed the magistrate judge's report de novo, and being satisfied that it contains no error, the court overrules plaintiff's objections and accepts the report's findings and recommendation. The court affirms the Commissioner's final administrative decision and dismisses this action with prejudice. Any pending motions are denied as moot.

*So ordered by the court on July 6, 2022.*

J. CAMPBELL BARKER
United States District Judge